United States District Court
Southern District of Texas
**ENTERED**
February 04, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TAURINO GAMA VALLE, § <br> A# 246 769 938 § <br> § <br> Petitioner, § <br> § <br> vs. § <br> § <br> RAYMOND THOMPSON, Warden, Joe § <br> Corley Detention Center, *et al.*, § <br> § <br> Respondents. § | CIVIL ACTION NO. H-26-603 |

**MEMORANDUM OPINION AND ORDER**

The petitioner, Taurino Gama Valle, is a detainee in the custody of United States Department of Homeland Security, Immigration and Customs Enforcement (ICE) officials. Through counsel, he has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging his continued detention. (Docket Entry No. 1). The federal respondents have filed a Motion to Dismiss, and in the Alternative for Summary Judgment. (Docket Entry No. 6). After considering the petition, the briefing, and the applicable law, the court denies the Motion to Dismiss, and in the Alternative for Summary Judgment (Docket Entry No. 6) and grants the petition for a writ of habeas corpus (Docket Entry No. 1).

**I.    BACKGROUND**

The parties do not dispute the relevant facts. Gama Valle, a citizen of Mexico, entered the United States without inspection on March 30, 2023. (Docket Entry No. 1 at 5). He has resided continuously in the United States for more than two years. (*See id.* at 6). On March 30, 2023, DHS served Gama Valle with a Notice to Appear before an immigration judge. (*See id.*; Docket Entry No. 1-3). The Notice to Appear designated Gama Valle as "an alien present in the United

States who has not been admitted or paroled," rather than "an arriving alien." (Docket Entry No. 1-3). On June 20, 2023, DHS filed the Notice to Appear with the Executive Office for Immigration Review, which commenced removal proceedings. (Docket Entry No. 1 at 6; *see also* Docket Entry No. 1-5). On October 25, 2023, Gama Valle filed an Application for Asylum and for Withholding of Removal, which remains pending before the immigration court. (Docket Entry No. 1 at 6). While appearing for his annual check-in with ICE on November 14, 2025, Gama Valle was taken into custody by immigration officials. (*Id.*). He has been detained since that time.

On January 26, 2026, Gama Valle filed the pending § 2241 petition. (Docket Entry No. 1). He seeks immediate release or, in the alternative, a bond hearing under 8 U.S.C. § 1226. The respondents answered with a Motion to Dismiss, and in the Alternative for Summary Judgment. (Docket Entry No. 6). The respondents oppose habeas relief, arguing that Gama Valle is subject to mandatory detention under 8 U.S.C. § 1225(b). They do not contest the facts asserted in the petition or exhibits and assert no other basis for Gama Valle's detention.

## II.     LEGAL STANDARD

"To obtain relief under § 2241, the [petitioner] must establish a violation of either the Constitution or federal law." *Fillingham v. United States*, 867 F.3d 531, 536 (5th Cir. 2017) (citing 28 U.S.C. § 2241(c)(3)). "The habeas petitioner 'bears the burden of proving that he is being held contrary to law; and because the habeas proceeding is civil in nature, the petitioner must satisfy his burden of proof by a preponderance of the evidence.'" *Villanueva v. Tate*, 801 F. Supp. 3d 689, 696–97 (S.D. Tex. 2025) (quoting *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011)). "A court considering a habeas petition must 'determine the facts, and dispose of the matter as law and justice require.'" *Id.* at 697 (quoting 28 U.S.C. § 2243).

## III.    ANALYSIS

The respondents argue that Gama Valle is subject to mandatory detention under § 1225(b)(2). They assert no other basis for his detention. Again, as this court and other courts have articulated in numerous decisions, petitioners in a situation like Gama Valle—noncitizens who are apprehended while already residing in the United States without having been admitted or paroled—are not properly subject to 8 U.S.C. § 1225(b)(2). *See, e.g.*, *Buenrostro-Mendez v. Bondi*, Civ. Action No. H-25-3726, 2025 WL 2886346, at *3 (S.D. Tex. Oct. 7, 2025); *Arenas-Santoyo v. Dickey*, No. CV H-25-5555, 2025 WL 3724557, at *4 (S.D. Tex. Dec. 23, 2025); *Reyes v. Thompson*, No. SA-25-CA-01590-XR, 2025 WL 3654265, at *3–4 (W.D. Tex. Dec. 12, 2025); *Reyes-Lopez, v. Bondi*, No. 5:25-CV-1800-JKP, 2026 WL 94653, at *5 (W.D. Tex. Jan. 6, 2026); *De La Cruz v. Florentino*, No. CV 26-348 (JXN), 2026 WL 266534, at *2 (D.N.J. Feb. 2, 2026); *see also* Kyle Cheney, *More Than 100 Judges Have Ruled Against the Trump Admin's Mandatory Detention Policy*, Politico (Oct. 31, 2025), https://perma.cc/H6MZ-VC2Z. Because the respondents do not claim that Gama Valle is being detained under 8 U.S.C. § 1226, the court "sees no reason to consider" § 1226 as a basis for the petitioner's current detention.[1]

"Habeas is at its core a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008). "The typical remedy for such detention is, of course, release." *Id.*; *see also Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("[T]he traditional function of the writ is to secure

---

[1] *See Martinez v. Hyde*, 792 F. Supp. 3d 211, 223 n.23 (D. Mass. 2025) ("Since there is no indication or present assertion that Petitioner is subject to detention under section 1226, the Court sees no reason to consider that basis."); *Reyes v. Thompson*, No. SA-25-CA-01590-XR, 2025 WL 3654265, at *4 (W.D. Tex. Dec. 12, 2025) (citing *Martinez*, 792 F. Supp. 3d at 223 n.23); *Mendoza-Menjivar v. Bondi*, No. 1:25-CV-2060-DAE, 2026 WL 89964, at *8 n.8 (W.D. Tex. Jan. 12, 2026) ("Respondents do not anywhere assert that they are detaining Petitioner pursuant to § 1226 . . . and so the Court will not consider that provision as a basis for Petitioner's detention").

release from illegal custody."). The court determines that immediate release is the appropriate relief for the unlawful detention in this case.[2]

## IV.   CONCLUSION

Based on the foregoing, the court **orders** as follows:

1. The respondents' Motion to Dismiss, and in the Alternative for Summary Judgment (Docket Entry No. 6) is **denied.**

2. The petition for a writ of habeas corpus filed by Taurino Gama Valle (Docket Entry No. 1) is **granted**.

3. The respondents are **ordered** to release Petitioner Taurino Gama Valle from custody, under appropriate conditions of release, **within 24 hours of entry of this Order**. The petitioner shall be released in a public place within the Southern District of Texas, and the respondents must notify the petitioner's counsel of the exact location and exact time of the petitioner's release **as soon as practicable and no less than three hours before his release**.

4. The respondents are further **ordered** to file a status report **within five (5) days of the date of this Order**, confirming that the petitioner has been released.

SIGNED on February 4, 2026, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge

---

[2] *See, e.g.*, *Renova-Gonzalez v. Dickey*, Civil Action No. 4:25-cv-6295 (S.D. Tex., Houston Div. Jan. 30, 2026) (J. Bennett) (finding that the petitioner was not governed by § 1225(b)(2) and ordering release of the petitioner from custody); *Elizalde-Castro v. Thompson*, Civil Action No. 4:26-cv-82 (S.D. Texas, Houston Div. Feb. 2, 2026) (J. Hanks) (finding that the petitioner is not subject to mandatory detention under § 1225(b)(2) and ordering the release of the petitioner from custody); *Vargas v. Bondi*, No. SA-25-CV-1023-FB (HJB), 2025 WL 3300446, at *5 (W.D. Tex. Nov. 12, 2025) (discussing why immediate release from detention is the appropriate relief), *R&R adopted sub nom. Vargas v. Bondi*, No. SA-25-CV-1023-FB, 2025 WL 3300141 (W.D. Tex. Nov. 26, 2025); *Sanchez v. Johnson*, No. 6:25-CV-00503-ADA-DTG, 2025 WL 3707317, at *3 (W.D. Tex. Dec. 10, 2025) (finding that the petitioner's continued detention under § 1225(b)(2) is unlawful and that the petitioner should be immediately released from custody), *R&R adopted,* No. 6:25-CV-00503-ADA-DTG, 2025 WL 3709970 (W.D. Tex. Dec. 22, 2025); *de Jesus Aguilar v. English*, No. 3:25-CV-898 DRL-SJF, 2025 WL 3280219, at *9 (N.D. Ind. Nov. 25, 2025) (finding that the petitioner was not lawfully detained under § 1225(b)(2) and ordering the petitioner's immediate release).